FILED
COURT OF APPEALS
DIVISION II

2013 JUL -9 AM 9: 10

STATE OF WASHINGTON
BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>   v.<br><br>DANIEL SCOTT OGDEN,<br><br>              Appellant. | No. 43993-0-II<br><br><br>UNPUBLISHED OPINION |

PENOYAR, J. — Daniel Scott Ogden appeals the length of community custody and conditions in the no-contact order imposed after his guilty pleas for third degree child rape, third degree child molestation, and communication with a minor for immoral purposes. The State concedes an error in the judgment and sentence where the combined sentence exceeds the statutory maximum sentence length, and the State does not object to clarification of the no-contact conditions. We remand Ogden's sentence to the trial court to correct the sentencing error and clarify the no-contact conditions.

Ogden pleaded guilty to one count of third degree child rape, one count of third degree child molestation, and one count of communication with a minor for immoral purposes. The victim in all counts was his adopted daughter.

Ogden's convictions are class C felonies. RCW 9A.44.079; RCW 9A.44.089; RCW 9.68A.090. The statutory maximum sentence for a class C felony is five years. RCW 9A.20.021(1)(c). The court imposed concurrent standard range sentences of 46 months each on counts I and II and 27 months on count III. The court also imposed concurrent terms of 36 months' community custody on each count, bringing Ogden's sentences to 82 months for both

count I and II, and 63 months for count III. These sentences exceed the five-year statutory maximum sentence by 22 months and 3 months, respectively.

Courts may not impose a standard sentence providing for a term of confinement or community custody exceeding the statutory maximum for a crime. RCW 9.94A.505(5). If an offender's standard range term of confinement in combination with her term of community custody exceeds the statutory maximum for a crime, the court shall reduce the term of community custody. RCW 9.94A.701(9).

Ogden's sentences exceed the five year statutory maximum sentence and we remand to amend the community custody term so that the total sentence with community custody does not exceed five years.

Ogden next argues that his judgment and sentence contain contradictory conditions. In his judgment and sentence, Ogden is ordered to "[h]ave no contact with ~~male~~/female/~~any~~ children under the age of eighteen." Clerk's Papers (CP) at 29 (alternation in original.). Later, the court ordered that Ogden "not have contact with minors unless there is an adult chaperone present who is approved by the Department of Corrections." Clerk's Papers at 33. Ogden argues this is contradictory, that it is unclear which no-contact condition governs: no contact with female minors or no contact with all minors. The State does not concede that these conditions are contradictory but does not object to remand for clarification and we do so.

We remand Ogden's sentence to the trial court to correct the sentencing error and clarify the no-contact conditions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Johanson, A.C.J.

Bjorgen, J.